IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PEGGY COLE                                                                                           PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:15-CV-188-DMB-SAA

GGNSC SOUTHAVEN, LLC d/b/a
GOLDEN LIVING CENTER SOUTHAVEN                                                DEFENDANT

## ORDER GRANTING MOTION TO COMPEL

Plaintiff seeks to compel defendant to produce certain documents identified in defendant's Second Supplemental Privilege Log. Docket 29. Because the privilege log provided by defendant was wholly insufficient to allow plaintiff or the court to determine whether these documents are in fact protected by a privilege, the court was forced to conduct an *in camera* review. The court has reviewed these documents and holds that defendant must produce all communications between employees of defendant or from plaintiff to defendant before September 12, 2013 at 3:45 p.m.

The *in camera* review concluded that at no point before September 12, 2014 did defendant seek advice or an opinion from legal counsel, nor did defendant reasonably anticipate litigation. The attorney-client privilege is narrowly construed by courts, and the burden of proving its applicability rests upon the party asserting the privilege. *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978); Stoffels *v. SBC Communications, Inc.*, 263 F.R.D. 406, 411 (S.D. Tex. 2009). The Supreme Court has held that "pre-existing facts that underlie the client's confidential communications are not privileged simply because the client disclosed them to an

1

attorney for the purpose of obtaining legal services.  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  *Upjohn* noted that because in-house counsel has an increased level of participation in day-to-day operations of the corporation, it is more difficult to define the scope of the privilege when a communication is made to in-house counsel.  *Id.*  In an in-house counsel scenario, "the attorney-client privilege attaches only to communications made for the purpose of giving or obtaining legal advice or services, not business or technical advise or management decisions." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 474 (N.D. Tex. 2004).  Although it is unclear whether Chris Puri is in-house or employed with a private firm as he is simply referred to as "Golden Living healthcare counsel," it is obvious that at no point before September 12, 2014 did any of the communications in which Mr. Puri is copied seek legal advice or counsel.

As to defendant's claim that the documents at issue are protected attorney-work product doctrine, the court similarly concludes that all documents before September 12, 2014 must be produced.  "[T]he work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."  *U.S. v. Nobles*, 422 U.S. 224, 238 (1975).  It "is not an umbrella that shades all materials prepared by a lawyer, however.  The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation.  Excluded from work product materials, as the advisory committee notes to Rule 26(b)(3) make clear, are '(m)aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation . . .'"  *U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

There is no indication that an attorney was involved in the investigation of Peggy Cole's injury before September 12, 2014, other than simply being copied, apparently as a matter of

course, on a few brief emails. Defendant argues that the document entitled "Verification of Investigation" (hereinafter "VOI") and identified by bates numbers GLC (Cole) - 000038-40 is protected as it was prepared in anticipation of litigation, but does not provide any support for this assertion. Docket 38, p. 3. There are no statements from either Mary Darby or Cyndi Dughetti that they had any believe that litigation was anticipated. Similarly, the affidavit of Paul Killeen does not indicate that the VOI was prepared in anticipation of litigation, but instead further supports the fact that it was a standard documenting procedure for all incidents occurring at the facility. It is unclear whether the VOI was created by Mary Darby or Cyndi Dughetti as the interoffice communications refer to an "incident report completed by the nurse at the time of the accident." GLC (Cole) - 000005. Nevertheless, it is clear – despite defendant's brief statement that the VOI "was prepared in anticipation of potential litigation due to a visitor injury on the premises," – that the document was instead prepared in the course of ordinary business. The argument that the communications before that date are protected by the attorney-client privilege or work-product doctrine is simply disingenuous. There is no indication in the VOI that either Mary Darby or Cyndi Dughetti anticipated that plaintiff would file suit at the time of the accident or when the document was dated by Dughetti two days later. Therefore, the VOI must be produced as well.

Defendant did not identify the document entitled "Daily Staffing per Wing," Bates stamped GLC (Cole) - 000041 on its Second Supplemental Privilege Log, but did provide this document for in camera review. A review of the document evidences that it was prepared in the ordinary course of business. Therefore, the document entitled "Daily Staffing per Wing" must be produced to plaintiff if it has not already been produced.

It is hereby ORDERED that plaintiff's Motion to Compel is GRANTED IN PART. Defendant must produce documents containing all communications, whether internal or not, before September 12, 2014 at 3:45, the Verification of Investigation and Daily Staffing per Wing no later than June 15, 2016.

This, the 9th day of June, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE